```
              IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF ARKANSAS
                       PINE BLUFF DIVISION


TROY A. STARK                                          PETITIONER


vs.                   Civil Case No. 5:07CV00160 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                      RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

### DISPOSITION

Troy A. Stark, an inmate of the Arkansas Department of Correction, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the court is Respondent's Motion to Dismiss (DE #5). Petitioner was convicted by a jury on July 23, 2004, of various drug offenses, including manufacture of methamphetamine, possession of a controlled substance with intent to deliver or manufacture and possession of drug paraphernalia

(Respondent's Exhibit A).  He received an aggregate sentence of thirty years imprisonment.  The Arkansas Court of Appeals affirmed his convictions in an unpublished opinion issued on October 12, 2005 (Respondent's Exhibit C).  Petitioner filed a state habeas corpus petition on April 17, 2007 (Respondent's Exhibit D), which both parties admit is still pending in state court, but Petitioner states he has learned this is a "futile remedy."  He does not indicate he filed any other petitions in state court.  Respondent indicates he has moved for dismissal of the state habeas petition.

In the present proceedings, Petitioner raises the following grounds for relief:

1.  He was denied his right to a speedy trial;

2.  Counsel was ineffective for failing to file a motion to dismiss based on the lack of a speedy trial; and

3.  He was actually innocent "in the sight of the law" because the time allotted to try him had elapsed.

In his Motion to Dismiss, Respondent contends the petition should be dismissed as untimely, or as procedurally barred. Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254.  The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" includes review by the United States Supreme Court.  <u>Smith v. Bowersox</u>, 159 F.3d 345, 347-48 (8th

Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  Thus, "the running of the statute of limitations... is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Id. at 348; see also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc) (holding a state court judgment becomes final under § 2244(d)(1)(A) upon expiration of time to file a petition for writ of certiorari.)

    Rule 13.1 of the United States Supreme Court Rules provides that a petitioner has 90 days from the entry of judgment by a state court of last resort to file a petition for a writ of certiorari, or, if the judgment is from a lower state court, a petitioner has 90 days from the entry of an order by the court of last resort denying discretionary review.  Petitioner here did not seek discretionary review by the Arkansas Supreme Court of the Arkansas Court of Appeals' decision affirming his conviction. Recently, the Eighth Circuit Court of Appeals held that, under Nichols, "a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed

a motion for transfer to the Missouri Supreme Court." <u>Pierson v. Dormire</u>, 484 F.3d 486, 495 (8th Cir. 2007).

There is no need to decide whether this finding applies to Arkansas inmates and, thus, benefits Petitioner because, even if it does apply and Petitioner's conviction was not final until 90 days after the Court of Appeals affirmed his conviction, his petition here would be untimely. As stated above, the state court affirmed his convictions on October 12, 2005. Petitioner did not file any petitions that tolled the running of the limitations period within the next year, and it expired on October 12, 2006.

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace DiGuglielmo</u>, 544 U.S. 408, 418. "[E]quitable tolling is appropriate only in rare cases," <u>Von Eye v. U.S.</u>, 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" <u>Miller v. New Jersey State Dep't. Of Corrections</u>, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

<u>Id.</u> at 618-19 (citations omitted). <u>C.f</u> <u>Alvarez-Machain v. U.S.</u>, 107 F.3d 696, 701 (9th Cir. 1996), <u>cert</u>. <u>denied</u>, 522 U.S. 814 (1997)(Equitable tolling appropriate where Federal Tort Claims Act

plaintiff had been incarcerated for over two years in a foreign country, in complex case in which his life was at stake).

Petitioner states in his petition that his trial attorney failed to inform him of his right to file a post-conviction motion under Rule 37 of the Arkansas Rules of Criminal Procedure. Petitioner did not have a constitutional right to counsel in post-conviction proceedings, Coleman v. Thompson, 501 U.S. 722, 752-53 (1991), but even if he did, ineffective assistance of counsel due to an attorney's negligence or mistake generally does not excuse an untimely filing. Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002). I do not find counsel's failure to inform Petitioner of Rule 37 procedures to be egregious conduct entitling him to equitable tolling. Thus, I find the petition is untimely and must be dismissed.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 22nd day of August, 2007.

*Henry L. Jones, Jr.*
United States Magistrate Judge